-1-

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: CV - _____

| | |
|---|---|
| Matt Just,<br><br>        Plaintiff,<br>v.<br><br>Diversified Consultants, Inc.,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Matt Just is a natural person who resides in the City of St. Cloud, County of Stearns, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Diversified Consultants, Inc. (hereinafter "Defendant") is a foreign corporation and a collection agency operating from an address of 10550 Deerwood Park Boulevard, Jacksonville, FL  32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

-2-

## FACTUAL ALLEGATIONS

5. Sometime prior to October 2007, Plaintiff entered a credit agreement with Verizon for a cellular phone and incurred a "consumer debt," as that term is defined at 15 U.S.C. § 1692a(5).

6. Sometime prior to October 2007, Verizon transferred the alleged account to Defendant for collection.

7. On or about October 11, 2007, Plaintiff received a telephone call from Defendant.

8. During the October 11, 2007, phone conversation Plaintiff was told that he could settle his account with Defendant.

9. Defendant's representative told Plaintiff that he needed Plaintiff's checking account information so he could process the settlement.

10. Plaintiff explained to Defendant's representative that he was not comfortable giving out his checking account information and Plaintiff was told that he Plaintiff did not give Defendant that information Defendant would take it as a "refusal" to pay, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

11. Plaintiff asked Defendant's representative to send him a letter in writing that Plaintiff would be more than happy to send in a money order.

12. Defendant's representative said that he was not okay with that and continued to tell Plaintiff that he was "refusing to pay," in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

13. Defendant's representative also told Plaintiff that Defendant would be taking "legal action" on Plaintiff because he refused to pay, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5) and 1692f.

14. Plaintiff immediately asked Defendant's representative for his name, which Defendant's representative refused to give Plaintiff, in violation of 15 U.S.C. §§ 1692d and 1692f.

15. To date Plaintiff has not received a collection letter from Defendant in direct violation of 15 U.S.C. § 1692g(a).

16. Defendant's conduct has caused Plaintiff mental anguish and stress constituting actual damages.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 12 day of December, 2007.     **ATTORNEY FOR PLAINTIFF**

By: s/Thomas J. Lyons, Jr.
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

-5-

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                     ) ss
COUNTY OF RAMSEY     )

Matt Just, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                              s/Matt Just
                              Matt Just

Subscribed and sworn to before me
this 11th day of December, 2007.

s/Andrea L. Weber
Notary Public